**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Eberhard Architects, LLC,** | ) | **CASE NO. 1:14 CV 1185** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Bogart Architecture, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant the Albert M. Higley Company, LLC's Motion to Dismiss Pursuant to Civil Rule 12(b)(6) (Doc. 18), Defendant McClintock Electric, Inc. and Valentine Contractors, Inc.'s Joint Motion to Dismiss and Joinder in Defendant the Albert M. Higley Company LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 23), Defendant Guenther Mechanical, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) and Joinder in Albert M. Higley Company, LLC's Motion to Dismiss (Doc. 56), and the Motion to Dismiss filed by defendant FirstMerit Bank (Doc. 61). In addition, the following defendants move to join

1

in defendant Higley Company, LLC's motion to dismiss: defendant Bogart Architecture, Inc. (Doc. 20), defendant Vail Network Company, Inc. (Doc. 37), defendant Otis Elevator Company (Doc. 52), and defendants Dover Design Group, LLC and Dover Tank & Plate Company (Doc. 58).  Also pending are motions to join filed by defendant Joseph N. Isabella (Doc. 24) and defendant Environments 4 Business, LLC (Doc. 36).  All of the motions to join are GRANTED.  Therefore, the substantive rulings on a particular motion will apply equally to the parties that joined in that motion.

For the reasons that follow, Defendant the Albert M. Higley Company, LLC's Motion to Dismiss Pursuant to Civil Rule 12(b)(6) (Doc. 18) is DENIED, Defendant McClintock Electric, Inc. and Valentine Contractors, Inc.'s Joint Motion to Dismiss is DENIED, and Defendant Guenther Mechanical, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 56) is GRANTED.

The Motion to Dismiss filed by defendant FirstMerit Bank (Doc. 61) is GRANTED on the basis that plaintiff fails to state a claim against this defendant.  Although the Court need not reach FirstMerit's alternative argument regarding joinder, the Court will address this issue in that it has a serious impact on the remaining defendants in this case.  The Court finds that Hospice is necessary party and that joinder is feasible. Therefore, the Court *sua sponte* Orders plaintiff to join Hospice as a party to this action as set forth in Rule 19(a)(2).

In addition, although defendant Robert Horn joined in defendant Albert M. Higley Company LLC's motion to dismiss (Doc. 42), plaintiff voluntarily dismissed defendant Horn.  Accordingly, the motion to join is MOOT.

**FACTS**

2

For purposes of ruling on the motions to dismiss, the facts in the complaint are presumed true.

Plaintiff, Eberhard Architects, LLC, filed this action against defendants, Bogart Architecture, Inc., Albert M. Higley, Joseph N. Isabella, FirstMerit Bank, Vail Network Co., Inc., Dover Design and Management Group, LLC, Hinkel Engineering, Inc., Robert A. Horn, Shaffer, Johnston, Lichtenwalter & Associates, Inc., Valentine Contractors, Inc., Parsons Concrete Contractors, Inc., McKelvey Landscaping, Inc., Dover Tank & Plate Co., Canton Floors, Inc., LADD Painting & Decorating of Massillon, Inc., Otis Elevator Co., Guenther Mechanical Inc., McClintock Electric, Inc., Environments 4 Business, LLC[1], and a number of John Doe defendants. Defendants Parsons Concrete Contractors, Inc. and Robert A. Horn were subsequently voluntarily dismissed by plaintiff.

Plaintiff contracted with non-party Hospice & Palliative Care of Greater Wayne County ("Hospice") to provide architectural services for the development of a nursing care facility. As a result, plaintiff created and/or modified construction and design documents. Plaintiff obtained a copyright with regard to the documents. The documents are commonly referred to as "Instruments of Service." The agreement between plaintiff and Hospice provides as follows:

> § 7.3 Upon execution of this Agreement, the Architect grants the Owner a nonexclusive license to use the Architect's Instruments of Service solely and exclusively for the purposes of constructing, using, maintaining, altering and adding to the Project, provided that the Owner substantially performs its obligations, including prompt payment of all sums when due, under this Agreement... If the Architect rightfully terminates this Agreement for cause as provided in Section 9.4, the license granted in this Section 7.3 shall terminate.

Hospice ceased making payments to plaintiff as required under the agreement. Plaintiff

---

[1] This entity was originally named as a John Doe defendant.

alleges that as a result of the non-payment and failure to cure, a termination of the license occurred on February 27, 2014.  According to the complaint, Hospice "and all of its contractors, subcontractors, lenders, replacement architects and engineers" were put on notice that they had no license to use the Instruments of Service.  Plaintiff learned that each of the named defendants contracted or subtracted with Hospice to continue construction on the project and continued to "use/infringe upon the copyright since February 27, 2014."  On April 21, 2014, plaintiff sent a cease and desist letter to Hospice and the City of Wooster, which indicated that contractors, subcontractors, lenders, architects, and any entity not specifically authorized by plaintiff were not permitted to use the Instruments of Service.  Despite this letter, "defendants continued to infringe upon the Copyright."

Thereafter, plaintiff filed this lawsuit asserting one claim for copyright infringement. Plaintiff did not name Hospice as a defendant in this lawsuit.  According to the complaint, the agreement contains an arbitration provision requiring that all disputes between plaintiff and Hospice be resolved through AAA arbitration/mediation.

As set forth above, various defendants move for dismissal on various grounds and plaintiff opposes all motions.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint

must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

1. The motions to dismiss filed by FirstMerit and Guenther Mechanical

FirstMerit argues that the complaint fails to state a claim against it for copyright infringement. According to FirstMerit, the only allegation specifically directed at FirstMerit

5

alleges that FirstMerit was the lender on the project.  The remaining allegations lump all defendants together and generically claim that "each and every one of the named defendants in this case have continued to use/infringe upon the Copyright."  In response, plaintiff argues that the allegations are sufficient because they generally state that plaintiff owns a copyright, that defendants were on notice that they were not permitted to use the copyright, yet they continued to use the Instruments of Service despite plaintiff's notification.  According to plaintiff, specific facts are not required in order to comply with Rule 8's notice pleading requirements.

Upon review, the Court finds FirstMerit's motion to be well-taken.  Plaintiff expressly alleges that FirstMerit is the lender on the project.  The generic statements that follow, *i.e.*, the "all defendants engaged in copyright infringement" allegations, shed no light on how a lender could have engaged in copyright infringement.  Rather, these allegations constitute nothing more than a "formulaic recitation of the elements."  The complaint simply does not contain "enough facts to state a claim to relief that is plausible on its face."  Therefore, it does not state a claim against FirstMerit under *Iqbal* and *Twombly*.  Accordingly, the claim against FirstMerit is dismissed.

Defendant Guenther Mechanical also moves to dismiss on this same basis.  For these same reasons, the motion is well-taken.  Plaintiff fails to state any factual basis for its copyright infringement claim against this defendant.

As set forth above, although the Court need not reach FirstMerit's alternative basis for dismissal, the Court finds that the issue of joinder is critical to a proper resolution of this case.  Therefore, the Court will address the arguments surrounding this issue as set forth in the briefs filed by plaintiff and FirstMerit.  FirstMerit argues that the Court should dismiss this case

6

because plaintiff failed to join Hospice, a necessary and indispensable party to this action. According to FirstMerit, complete relief cannot be accorded without Hospice because Hospice has an interest in the outcome of this matter. FirstMerit points out that a number of indemnification agreements exist between Hospice and the defendants. In addition, whether Hospice breached the agreement is central to a determination of whether defendants are liable for copyright infringement. FirstMerit then argues that joinder is not feasible because plaintiff and Hospice agreed to arbitrate their disputes. Therefore, venue is not proper in this district.

In response, plaintiff argues that complete relief can be afforded without Hospice's presence. According to plaintiff, Hospice and the defendants are joint tortfeasors and it is well-settled that joint tortfeasors are not necessary parties under Rule 19. Plaintiff also argues that the existence of indemnification agreements does not render Hospice a necessary party.

Federal Rule of Civil Procedure 19 governs joinder of necessary and indispensable parties. That rule provides,

> (a) **Persons to be Joined if Feasible**. A person...shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....
>
> (b) **Determination by Court Whenever Joinder not Feasible**. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence

7

>might be prejudicial to the person or those already parties; second,
>the extent to which, by protective provisions in the judgment, by
>the shaping of relief, or other measures, the prejudice can be
>lessened or avoided; third, whether a judgment rendered in the
>person's absence will be adequate; fourth, whether the plaintiff
>will have an adequate remedy if the action is dismissed for
>nonjoinder.

To determine whether dismissal is warranted based on failure to join an indispensable party, the Court must apply a three step analysis. *Painewebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001). First, the Court must determine whether the absent party is a "necessary" party as defined in Rule 19(a). *Id*. If the absent party is "necessary," the Court must then determine whether joinder of the absent party is feasible. *Id*. Joinder is feasible if the absent party is "subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction." *Id*. If joinder is not feasible, the Court must proceed to step three, which requires an analysis pursuant to Rule 19(b) to determine whether the necessary party is also an indispensable party. If the Court determines the absent party is both necessary and indispensable, dismissal is appropriate. *Id*.

This Court must first determine whether Hospice is a necessary party to this action. Although the Court agrees with plaintiff that Hospice's status as a joint tortfeasor or potential indemnitor is an insufficient basis on which to conclude that Hospice is a "necessary" party, on the facts of this case the Court finds that Hospice's interest in the subject matter of this case may be impeded if the Court were to proceed without Hospice. Here, the *entire case* hinges on whether Hospice breached its agreement with plaintiff. If no breach occurred, then defendants cannot be liable for copyright infringement. As the party charged with having breached the agreement, Hospice undoubtedly has an interest in the outcome of this issue. Hospice's interests

8

will effectively be impeded by plaintiff's failure to name it as a defendant in this lawsuit as Hospice will not be present to defend itself.

The Court now turns to whether Hospice may be joined as a defendant in this lawsuit. Although the parties appear to agree that the existence of the arbitration clause renders Hospice incapable of joinder, the Court disagrees.  As noted in *Painewebber,* joinder is feasible if the absent party is "subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction."  Here, the parties do not argue that the Court lacks personal jurisdiction over Hospice or that subject matter jurisdiction would be destroyed if Hospice were to be joined.  Rather, the parties simply point to the existence of an arbitration provision in the agreement between plaintiff and Hospice.  Notably, however, there is no indication that an arbitration is currently proceeding.[2]  Thus, the Court cannot say at this time that joinder would not be feasible.  It is possible that Hospice will choose not to invoke the arbitration provision, in which case this Court could hear this dispute.  As such, the Court finds that based on the facts of this case, joinder is feasible.  After joinder, Hospice could seek a stay of this proceeding in light of the arbitration provision or, alternatively, plaintiff could commence arbitration proceedings. In that all necessary parties will be before the Court, the Court could then address whether a stay would be appropriate.  Having concluded that Hospice is a necessary party and that joinder is feasible, the Court need not reach whether Hospice is an indispensable party.

2.  Albert M. Higley Company's Motion

---

[2] If an arbitration were currently underway, this Court possesses the inherent authority to stay this action pending a resolution of the "breach" issue by an arbitrator.  The Court declines to do so at this time in that no arbitration proceeding appears to exist.

9

Defendant Albert M. Higley Company argues that dismissal is appropriate because an arbitrator must decide whether Hospice breached the agreement. Because plaintiff did not obtain a ruling from an arbitrator, plaintiff cannot establish a breach. In response, plaintiff argues that it need not reference the arbitration agreement in order to succeed on its claim because plaintiff informed defendants "outside of the contract" that the license was terminated. As an initial matter, the Court finds plaintiff's argument to be incorrect. In order for the license to be revoked, plaintiff must first establish that Hospice breached the agreement. Otherwise, the subsequent revocation is not effective because plaintiff gave those rights away in the agreement. Thus, a breach of the agreement *is* a prerequisite for plaintiff's claim against defendants. On the other hand, the Court also finds that defendant's argument is misguided. Defendant cites no law requiring plaintiff to allege that an arbitrator *already* determined the breach issue in order to state a claim for relief. For example, in the event neither plaintiff nor Hospice seeks to enforce the arbitration provision, this Court possesses the ability to determine the breach issue. Therefore, to the extent defendant argues that plaintiff fails to state a claim, the motion is DENIED.

3. Motion filed by defendants McClintock Electric, Inc. and Valentine Contractors Inc.

Defendants filed a "Joint Motion to Dismiss and Joinder in Defendant the Albert M. Higley Company, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6)." It is not entirely clear whether these defendants intended to present an argument in addition to those raised by defendant Albert M. Higley Company. Regardless, the Court has reviewed the motion and finds that no separate argument has been made and that dismissal is not appropriate for the same reasons set forth above in connection with the motion filed by defendant Albert M. Higley Company.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by defendant FirstMerit Bank (Doc. 61) is GRANTED on the basis that plaintiff fails to state a claim against this defendant. For this same reason, Defendant Guenther Mechanical, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 56) is GRANTED.  The Court further finds that Hospice is necessary party and that joinder is feasible. Therefore, the Court *sua sponte* Orders plaintiff to join Hospice as a party to this action as set forth in Rule 19(a)(2).  The motions to dismiss filed by defendants Albert M. Higley Company, LLC, McClintock Electric, Inc., and Valentine Contractors, Inc. are DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/29/14