**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Eberhard Architects, LLC,** | ) | **CASE NO. 1:14 CV 1185** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Bogart Architecture, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion of New Party Defendant LifeCare Hospice to Stay Proceedings Pending Mediation/Arbitration Pursuant to 9 U.S.C. § 3 (Doc. 101). This is a copyright infringement action. For the reasons that follow, the motion is GRANTED and this matter is STAYED pending arbitration.

**FACTS**

Plaintiff, Eberhard Architects, LLC, filed this lawsuit against a number of defendants alleging copyright infringement of certain architectural documents used in connection with the construction of a hospice facility. Plaintiff and defendant LifeCare Hospice ("defendant")

1

entered into a contract ("Agreement") that governed the parties' relationship.  Pursuant to the Agreement, plaintiff granted defendant and its contractors and other workers a license to use the architectural documents.  In the event defendant breached the Agreement, however, the contract called for the revocation of the license.  The Agreement contains an arbitration provision.

According to the complaint, defendant failed to make payments pursuant to the Agreement.  Plaintiff revoked the license, but defendant and its contractors and workers continued to use the architectural documents.  Initially, plaintiff sued only the contractors and workers, but not defendant itself.  The Court determined that defendant was a necessary party and ordered plaintiff to join defendant.

The complaint contains three claims for relief.  Count one is a claim for copyright infringement and is asserted against defendant and its contractors and workers.  Counts two and three are claims for breach of contract and "failure to indemnify" and are asserted only against defendant.  Defendant now moves to stay this action and compel arbitration and plaintiff opposes the motion.

**ANALYSIS**

The Federal Arbitration Act ("FAA") applies as this is a transaction in commerce.  The FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

2

9 U.S.C. § 2. The FAA embodies a clear federal policy requiring arbitration unless the agreement to arbitrate itself is revocable. *Perry v. Thomas*, 482 U.S. 483, 489 (1987). "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983).

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

*Id.* at 24-25.

When considering a motion to compel arbitration, if a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Questions related to the formation of the agreement to arbitration are for the court. *See*, *Granite Rock Co. v. International Brotherhood of Teamsters*, 130 S.Ct. 2847 (2010)(issue of whether an agreement to arbitrate was *formed* is for the Court). *Compare, Buckeye Check Cashing, inc. v. Cardegna*, 546 U.S. 440 (2006)(arbitration provision severable where party raises issue that illegality of one provision invalidates entire contract; thus issue is for arbitrator to decide).

In ruling on a motion to compel arbitration,

> Section 4 of the Arbitration Act requires the court to engage in a limited review. The first step of that review is to determine if a valid agreement to arbitrate exists between the parties. If a valid arbitration agreement exists, the court must determine if the specific dispute falls within the substantive scope of the agreement.

3

*Harmer v. Doctor's Associates, Inc.*, 781 F.Supp. 1225, 1228 (E.D. Mich.1991) (internal citations omitted). *See also AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 649 (1986) (holding that "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims"). A motion to compel arbitration should be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). While the court considers the facts in the light most favorable to the plaintiff, ultimately the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration. *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Anderson,* 316 F. Supp. 2d at 558.

Here, the parties' agreement provides for both mediation and arbitration. The agreement provides as follows:

> § 8.2 MEDIATION
>
> § 8.2.1 Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution....
>
> § 8.2.4 If the parties do not resolve a dispute through mediation pursuant to this Section 8.2, the method of binding dispute resolution shall be the following: (*Check the appropriate box....*)
>
> [X]   Arbitration pursuant to Section 8.3 of this Agreement
>
> [ ]   Litigation in a court of competent jurisdiction
>
> [ ]   Other (*Specify*)
>
> The arbitration provision provides as follows:

> § 8.3.1 If the parties have selected arbitration as the method for binding dispute resolution in this Agreement, any claim, dispute or other matter in question arising out of or related to this Agreement subject to, but not resolved by, mediation shall be subject to arbitration which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of this Agreement.

Here, the parties do not dispute that they signed a valid agreement to arbitrate. Nor do the parties dispute that the arbitration agreement covers the claims between plaintiff and defendant. Rather, plaintiff argues that the breach is so "obvious" that the parties should not be required to submit to arbitration. According to plaintiff, defendant cannot truly claim that it failed to make payments as required under the Agreement. Plaintiff provides evidence indicating that counsel for defendant acknowledged that it was in a precarious financial position and, therefore, could not meet its obligations under the Agreement. Plaintiff also argues that it provided notice of termination of the license and defendant did not dispute that plaintiff possessed such a right.

In response, defendant claims that the strength of the case is not relevant to whether the issue should be submitted to arbitration. Defendant also argues that there are other issues that it intends to raise during the arbitration, including certain professional errors and omissions committed by plaintiff. Defendant also claims that plaintiff breached the Agreement by instituting litigation in this forum.

Upon review, the Court finds that the claims asserted by plaintiff fall within the scope of the arbitration provision. The Agreement requires mediation and then arbitration with regard to "any claim, dispute or other matter in question arising out of or related to [the] Agreement." The claims asserted by plaintiff against defendant fall within the heart of this provision. Moreover, plaintiff does not dispute that the claims are covered by the arbitration provision. Rather,

5

plaintiff argues only that its case is so strong that the Court should not order arbitration. The Court disagrees. As plaintiff points out, the strength of a case is not relevant in determining the proper forum. Because it is undisputed that the parties agreed to arbitrate and that the dispute falls within the arbitration provision, the Court finds defendant's motion to compel arbitration to be well-taken.

Plaintiff argues that the Court should not stay the *entire* case pending the arbitration. According to plaintiff, the claims against defendant's contractors and workers should proceed because they are not parties to the arbitration agreement. Plaintiff argues that it asserted copyright infringement claims against these parties. Because these claims do not arise from the Agreement, the claims can proceed even if the case is stayed as to defendant. In response, defendant argues that a stay is appropriate because the copyright claims are wholly dependent on whether defendant breached the Agreement. Since that issue must be decided in arbitration, it makes sense that the case should be stayed as to all parties while that issue is decided.

Upon review, the Court finds that a stay of this matter is appropriate while the claims against defendant proceed in mediation and then, if necessary, arbitration. A court has discretion to stay claims against non-signatories pending the outcome of an arbitration between the parties to an arbitration agreement. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, at 20 n. 23 (1983).[1] A stay is justified when a lawsuit against a nonsignatory depends upon the

---

[1] Plaintiff argues at length that this Court should not enforce a stay pursuant to 9 U.S.C. § 3 with respect to the non-signatories. According to plaintiff, Ohio law applies in analyzing this issue. The Court need not reach this issue and expressly notes that with respect to the non-signatories, the Court's stay is imposed under its discretionary authority to control its own docket and not 9 U.S.C. § 3.

6

same facts and is inherently inseparable from the arbitrable claims. *Hill v. GE Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002). Here, the Court finds that a stay against the non-signatory defendants is appropriate. Plaintiff's entire case against these defendants hinges on whether defendant breached the Agreement. According to plaintiff itself, the validity of the copyright license rises and falls with the breach issue. Plaintiff, however, claims that the Court need not stay the litigation because there can be no real dispute that defendant in fact breached the Agreement. As set forth above, however, this issue must be decided in arbitration regardless of the ease of resolution.

### **CONCLUSION**

For the foregoing reasons, the Motion of New Party Defendant LifeCare Hospice to Stay Proceedings Pending Mediation/Arbitration Pursuant to 9 U.S.C. § 3 is GRANTED and this matter is STAYED pending arbitration.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 11/17/14