UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eberhard Architects, LLC, | ) | CASE NO. 1:14 CV 1185 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bogart Architecture, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant The Albert M. Higley Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, Motion to Bifurcate Pursuant to Federal Rule of Civil Procedure 42(b) (Doc. 141). In a supplemental brief, defendant notes that its motion applies with equal force to the second amended complaint filed after defendant moved to dismiss or bifurcate. Accordingly, the Court will apply the arguments raised in the motion to the second amended complaint. By way of various motions to dismiss, the following defendants have joined in the arguments made by The Albert M. Higley Company: defendants Dover Design & Management Group, LLC and

1

defendant Dover Tank & Plate Company (Docs. 142, 150); defendant Canton Floors, Inc. (Doc. 143); defendant Joseph N. Isabella (Docs. 144, 149); defendant Ladd Painting & Decorating of Massillon, Inc. (Docs. 145, 154); defendant Otis Elevator Company (Docs. 147, 153); and defendant Bogart Architecture, Inc. (Doc. 152). As such, the Court will treat all arguments raised by Albert M. Higley Company as applicable to these defendants. For the following reasons, the Motion to Dismiss is DENIED and the Motion to Bifurcate is GRANTED as to discovery only.

Also pending are the Motion for Judgment on the Pleadings of Defendants Lifecare Hospice, Environments 4 Business, LLC, McClintock Electric, Inc., and Valentine Contractors, Inc. (Doc. 159) and Plaintiff's Motion for Partial Judgment on the Pleadings on Defendant Lifecare Hospice d/b/a Hospice & Palliative Care of Wayne County's Counterclaim (Doc. 163). Defendants' motion is DENIED and plaintiff's motion is GRANTED.

**FACTS**

Plaintiff, Eberhard Architects, LLC ("plaintiff") sued a number of defendants in connection with the construction of a 12-bed hospice inpatient facility (the "Project"). Plaintiff and defendant Lifecare Hospice (sometimes, "Lifecare") entered into an agreement ("Agreement") pursuant to which plaintiff agreed to provide Lifecare with architectural services in connection with the Project. Under the terms of the Agreement, plaintiff granted Lifecare a nonexclusive license to use the instruments of service ("IOS") created by plaintiff in connection with the Project. The Agreement further provides that any failure on the part of Lifecare to make any payment due under the Agreement will result in a termination of the nonexclusive license. In addition, the Agreement contains a provision that requires Lifecare to reimburse and

indemnify plaintiff for legal fees incurred in connection with the Project.

Plaintiff obtained a copyright in connection with the IOS used for the Project. Subsequently, Lifecare breached the Agreement by failing to make the required payments. Plaintiff notified Lifecare that it was in breach of the Agreement and, as such, plaintiff terminated the nonexclusive license.

The defendants seeking dismissal are all contractors or subcontractors ("Contractor Defendants") with respect to the Project. Plaintiff alleges that the Contractor Defendants and other defendants continued to use plaintiff's copyrighted IOS in connection with the construction of the Project. According to the complaint, all defendants are on notice that plaintiff revoked the license. Despite multiple cease and desist warnings, each defendant continues to use these materials.

Plaintiff filed the second amended complaint, which contains three claims for relief. Count one is a claim for copyright infringement against all defendants. Count two is a claim for breach of contract for nonpayment under the Agreement asserted against Lifecare. Count three asserts that Lifecare breached the Agreement by failing to indemnify and reimburse plaintiff for legal fees in connection with two proceedings and a motion to quash filed by an entity known as BCMC, Inc.

The Contractor Defendants move to dismiss the lawsuit or, in the alternative bifurcate this matter. Plaintiff opposes the motion. In addition, defendants Lifecare, Environments 4 Business, LLC, McClintock Electric, Inc., and Valentine Contractors move for judgment on the pleadings and plaintiff opposes that motion as well. Plaintiff moves for judgment on the pleadings with respect to the counterclaim filed by Lifecare. That motion is not opposed.

**STANDARD OF REVIEW**

1. Rule 12(b)(6)/Rule 12(c)

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

Federal Rule of Civil Procedure 12© provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

**ANALYSIS**

1. Subject matter jurisdiction

The Contractor Defendants argue that the Court lacks subject matter jurisdiction over plaintiff's complaint because this case does not "arise" under the Copyright Act. Rather, according to the Contractor Defendants, this case involves the nonpayment of fees due under a contract. As such, the case sounds in contract and jurisdiction under the Copyright Act is lacking. Plaintiff disputes this assertion and claims that subject matter jurisdiction exists.

Upon review, the Court rejects the Contractor Defendants' argument. Whether a complaint asserting related copyright and contract claims "arises under" the Copyright Act "poses among the knottiest procedural problems in copyright jurisprudence." 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* ("Nimmer") § 12.01[A], at 12-4 (1999). In a landmark decision, Judge Friendly "recognized the complexity of the problem of defining when a case 'arises under' the Copyright Act....[and] established a test for [the Second Circuit] that

5

focused on whether and how a complaint implicates the Copyright Act." *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 348 (2000)(*discussing T.B. Harms Co. V. Eliscu*, 339 F.2d 823, 824 (2nd Cir. 1964)). A suit "arises under" the Copyright Act if:

> (1) [T]he complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement or for the statutory royalties for record reproduction...; or
>
> (2) [T]he complaint...asserts a claim requiring construction of the Act.

*Id*. at 349. (Citations and quotations omitted).

The *Basset* court noted that the test in *T.B. Harms* differed from the "essence-of-the dispute" test or the "merely-incidental" test. Under the *T.B Harms* test, courts should look to "what is alleged on the face of the complaint" not "what defense will be proffered." *Id*. This test is the "most frequently cited test" for determining jurisdiction under the Copyright Act. *Gener-Villar v. Adcom Group, Inc.*, 417 F.3d 201, 203 (1st Cir. 2005). Moreover, the test has been "adopted by all the circuits that have considered the question...." *Bassett*, 204 F.3d at 350.

In applying the test, the Court finds that it has jurisdiction over this matter. The complaint sounds in copyright infringement and expressly alleges such infringement by the defendants. In response, the Contractor Defendants argue that they are not infringers because the Agreement provided them with a nonexclusive license to use the IOS. The existence of a nonexclusive license, however, is a defense to a copyright infringement claim. *Nelson-Selebas, Inc. v. Morningside Development, LLC*, 284 F.3d 505, 514 (4th Cir. 2002). Defenses are not considered under the *T.B. Harms* test in determining whether jurisdiction lies. Additionally, plaintiff seeks remedies afforded under the Copyright Act that are not available with respect to plaintiff's breach of contract claim. *See*, ECF 146 at ¶¶ 41-42 (requesting statutory damages, attorneys' fees, and injunctive relief pursuant to the Copyright Act). Because the complaint is

for a remedy expressly granted by the [Copyright] Act, this Court has jurisdiction over this matter.

    2. Rule 12(b)(6)

A copyright owner who grants a nonexclusive license to use copyrighted material cannot later sue for copyright infringement, provided the use falls within the scope and duration of the license. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999). According to the Contractor Defendants, the use of the IOS did not exceed to scope of the nonexclusive license granted by plaintiff to Lifecare because the IOS were used only with respect to the Project. Plaintiff responds that the use exceeded the license because the license was rightfully terminated.

The Contractor Defendants move to dismiss the copyright claim on the grounds that plaintiff granted them a nonexclusive license to use the IOS and a nonexclusive license is a "complete defense" to a copyright infringement claim. According to the Contractor Defendants, plaintiff alleges that Lifecare breached the Agreement by failing to make payments thereunder. The Contractor Defendants claim that because complete payment is not a condition precedent to the Agreement, plaintiff's only claim can be for breach of contract. In response, plaintiff argues that by the very terms of the Agreement, the nonexclusive license terminated when plaintiff failed to make payments. As such, whether or not full payment is a condition precedent is not relevant because the license expired.

Upon review, the Court agrees with plaintiff. Generally, "[i]f the [licensee's] improper conduct constitutes a breach of a covenant undertaken...and if such covenant constitutes an enforceable contractual obligation, then the [licensor] will have a cause of action for breach of

contract," not copyright infringement. *Graham v. James*, 144 F.3d 229, 236 (2nd Cir. 1998)(citing Nimmer, § 10.15[A] at 10-120). On the other hand, if the payment provision constitutes a condition precedent and the condition is not satisfied, an infringement claim may lie. This is because the failure to fulfill a condition precedent results in no license having ever been granted by the licensor and no authority exists for the licensee's use of the copyright. *Id*. at 237.

Typically, the payment of fees is considered to be a covenant and not a condition. *See, e.g.*, *Graham v. James*, 144 F.3d 229, 237 (2nd Cir. 1998); *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, at n. 7 (1990). State law applies in determining whether a payment provision is a condition or a covenant. The Court must look to the language in the Agreement to ascertain the nature of the provision. Ohio law disfavors conditions and "whenever possible courts will avoid construing provisions to be such unless the intent of the agreement is plainly to the contrary." *Evans, Mechwart, Hambleton & Tilton, Inc. v. Triad Architects, Ltd.*, 965 N.E.2d 1007 (Oh. Ct. App. 2011)(citations and quotations omitted).

Here, the Court finds that payment of fees is a covenant between the parties and not a condition precedent to the existence of the nonexclusive license. Section 7.3 of the Agreement provides as follows:

> **Upon execution of this Agreement, the Architect grants to the Owner a nonexclusive license** to use the Architect's Instruments of Service solely and exclusively for purposes of constructing, using, maintaining, altering and adding to the Project, provided that the Owner substantially performs its obligations, including prompt payment of all sums due, under this Agreement. The Architect shall obtain similar nonexclusive licenses from the Architect's consultants consistent with this Agreement. The license granted under this section permits the Owner to authorize the Contractor, Subcontractors, Sub-subcontractors, and material and equipment suppliers, as well as the Owner's consultants and separate contractors, to reproduce applicable portions of the Instruments of Service solely and exclusively for use in performing services or construction for the

Project. **If the Architect rightfully terminates this Agreement for cause as provided in Section 9.4, the license granted in this Section 7.3 shall terminate.**

The language expressly provides that the nonexclusive license is granted "upon execution" of the Agreement. Therefore, by granting the license before full payment was due, the parties clearly did not intend the full payment to be a condition precedent to the license itself.

Plaintiff argues, however, that the language in Section 7.3 provides for the *termination* of the license. According to the complaint, plaintiff rightfully terminated the Agreement and, therefore, the parties agreed that the license would be revoked. Any use of the copyrighted materials thereafter constitutes an unlicensed use. The Contractor Defendants do not respond to this argument. Rather, they simply continue to argue that the payment provision is not a condition precedent. The Contractor Defendants argue only that:

> To find that the express license can be withdrawn after Plaintiff unilaterally declares that it 'rightfully' terminated the license under Section 7.3 'for cause' produces the result recognized by federal courts as illogical when an architect alleges copyright infringement for an Owner's failure to pay disputed invoices.

The problem with the Contractor Defendants' argument is that Lifecare *agreed* that the license terminates if plaintiff "rightfully" terminates the Agreement. These defendants cite a number of cases in which courts have repeatedly held that a failure to pay invoices does not give rise to a copyright infringement claim. These cases, however, focus on the parties' intent. And, with the exception of one case,[1] none of them contained an agreed upon termination provision

---

[1] In *Ahadams & Co., P.C. v. Spectrum Health Services, Inc.*, 40 F.Supp.3d 456 (2014), the court interpreted the very language at issue in Section 7.3. Ultimately, the court determined that an implied nonexclusive license arose after the termination. In so concluding, the court looked at, among other things, the parties'

9

expressly directed at the termination of the license.   Here, by agreement of the parties, the nonexclusive license ceased to exist upon plaintiff's rightful termination of the Agreement.  The Contractor Defendants cite no law suggesting that a copyright infringement claim will not lie even though the license was terminated in a manner agreed to by the parties.  Based on the submissions of the parties and at this stage in the litigation, the Court cannot say that dismissal is warranted.  Having so concluded, the Court need not reach plaintiff's "law of the case" argument.[2]

2.  Motion for Judgment on the Pleadings (Doc. 159)

Defendants Lifecare, Environments 4 Business, LLC, McClintock Electric, Inc., and Valentine Contractors, Inc. move for judgment on the pleadings.  These defendants make arguments identical to those raised by the Contractor Defendants.  For the same reasons set forth above, the arguments are rejected.

3. Motion for Partial Judgment on the Pleadings (Doc. 163)

Plaintiff moves for partial judgment on the pleadings.  Lifecare filed a seven-count counterclaim against plaintiff alleging various claims arising from the parties' relationship.  In counts one through three plaintiff seeks declaratory relief on the grounds that the Agreement is

---

actions after termination occurred.  The court finds that *Ahadams* is not applicable to the Contractor Defendants' argument at this stage in the litigation as the Court is limited to the allegations in the complaint and cannot look to the parties' actions.  Moreover, the Contractor Defendants do not argue that an implied license arose after termination.

[2]  The Contractor Defendants move to strike certain exhibits attached in connection with plaintiff's briefing.  The Court, however, did not consider these exhibits in reaching its decision.

invalid and unenforceable.  Plaintiff moves for judgment the pleadings with respect to these counts on the grounds that Lifecare is estopped from making these claims in light of its reliance on the validity of the Agreement in this case, including with respect to seeking arbitration. Lifecare does not response to this motion. Thus, the motion is unopposed and, for the reasons stated therein, the motion is GRANTED.  Counterclaims one through three are dismissed.

4. Bifurcation

In the alternative to dismissal, the Contractor Defendants move this Court to bifurcate the contract claims between plaintiff and Lifecare with the copyright infringement claims asserted against the remaining defendants.  According to the Contractor Defendants, resolution of the breach of contract claim may alleviate the need to address the copyright infringement claim. Should the Court determine that Lifecare did not breach the Agreement, then the nonexclusive license is a defense to plaintiff's copyright claims.  These defendants also argue that convenience and economy favor bifurcation because the Contractor Defendants justifiably relied on the nonexclusive license and should not be forced to incur the time and expense associated with a resolution of the primary dispute, *i.e.*, plaintiff's contractual dispute with Lifecare.

In response, plaintiff argues that there is no real dispute that plaintiff breached the Agreement.  According to plaintiff, ample evidence shows that Lifecare failed to pay monies due under the Agreement.  Plaintiff further argues that bifurcation will hinder settlement because not all parties will be "in the room" for settlement purposes.

Upon review, the Court finds that bifurcation for purposes of discovery only is appropriate in this case.  As set forth above, cases involving a crossover between copyright infringement and breach of contract claims pose unique challenges for courts and parties.  Here,

11

as previously noted by the Court, a resolution of the breach of contract claim (and plaintiff's counterclaims) may eliminate the copyright infringement claims.  Given that the Contractor Defendants are not parties to the Agreement, interests of economy and convenience of the parties weigh in favor of bifurcating discovery.  Plaintiff argues that the breach of contract claim (and presumably plaintiff's counterclaims) are subject to quick resolution.  The Court is amenable to entertaining a shortened schedule to resolve this claim if plaintiff so chooses and will discuss the matter with the parties at the upcoming status conference.

**CONCLUSION**

For the foregoing reasons, the Contract Defendants' motion to dismiss is DENIED and their motion to bifurcate is GRANTED as to discovery only.  Defendants' motion for judgment on the pleadings is DENIED and plaintiff's motion for partial judgment on the pleadings is GRANTED as to counterclaims one through three.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 4/22/16